UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Yvette Cole, | ) C/A No.: 9:09-324-SB-BM | |
| Plaintiff, | ) | |
| vs. | ) | |
| State of South Carolina; and Hampton County, | ) Report and Recommendation | |
| Defendants. | ) | |

Plaintiff, a resident of New York who is proceeding *pro se*, files this civil suit against the State of South Carolina and the County of Hampton. She alleges the defendants failed to protect her property from trespassers, and violated her civil rights. Plaintiff provides very little information in her complaint and asks in her prayer for relief that she be allowed "...to sue the State of South Carolina and the County of Hampton for $10,000.00..." so she can regain her property.

Plaintiff filed with her complaint several exhibits which pertain to her allegations. These exhibits are documents concerning proceedings which took place in September and October 2007 in front of Grace B. Bennett, a Magistrate Judge for the County of Hampton in the State of South Carolina.

According to one exhibit - a court order signed by Judge Bennett - the case filed by the plaintiff was tried on September 25, 2007, at which time Judge Bennett found for the plaintiff and issued a writ of ejectment. The order also reveals that two days later Judge Bennett issued a stay of execution of the writ because of new evidence presented by the defendant and also due to an appeal from the defendant. Judge Bennett subsequently held another hearing on October 8, 2007. At this hearing, a title to real estate relating to the property in question was presented by the defendants.

Based on this evidence, Judge Bennett dismissed the case and reversed her September 25, 2007 decision.

Subsequently, plaintiff filed a case against Judge Bennett in this Court. *See Cole v. Bennett, et al.,* Civil Action No. 9:07-3748-SB-GCK (D.S.C. 2007). Plaintiff claimed that Judge Bennett discriminated against her because she failed to evict a tenant from property which the plaintiff alleged she owned. This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). The District Court matter was dismissed *without prejudice* and without issuance and service of process because, as a judge of the State of South Carolina's unified judicial system, Judge Bennett was entitled to immunity from a suit for damages arising from her judicial actions, such as the dismissal of an eviction proceeding. Plaintiff appealed that matter to the Fourth Circuit Court of Appeals, which affirmed for the reasons stated by the District Court. *See Cole v. Bennett*, 272 Fed. Appx. 249 (4th Cir. 2008). Plaintiff now files this action against the State of South Carolina and the County of Hampton seeking damages for the same allegations she raised in the prior case filed in this Court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Ac, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir.1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se complaints* are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious

case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

First, the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1] See *Alden v. Maine*, 527 U.S. 706, 713, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999)(immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56, 116 S. Ct. 1114 (1996); *Principality of Monaco v. Mississippi*, 292 U.S. 313, 322-323, 54 S. Ct. 745 (1934); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 111 S. Ct. 2578 (1991). *See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743, 122 S. Ct 1864 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State). Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."



state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's immunity[2] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person' may be sued by another where a deprivation of constitutional rights can be shown. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state. Therefore, the State of South Carolina is entitled to dismissal as a party Defendant in this case.

As for the County of Hampton, plaintiff has not raised any allegations which would show that the County has a discriminatory policy. Absent such a showing, the County would not be subject to liability under 42 U.S.C. § 1983. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978)(county or other municipality may have 1983 liability if a "policy" of discrimination is

---

[2] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.



alleged)(municipalities are liable under § 1983 only for violations of federal law that occur pursuant to official governmental policy or custom). Consequently, the County of Hampton is entitled to summary dismissal as a party Defendant.

Additionally, to the extent the plaintiff is attempting to file this action based on diversity of citizenship, this court still lacks jurisdiction to hear the matter. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Plaintiff seeks only $10,000.00 in damages. Therefore, her claim does not meet the jurisdictional limit. In any event, the Eleventh Amendment applies both to diversity jurisdiction and to federal question jurisdiction. *LaFavre v. Kansas ex re. Stovall*, 6 Fed. Appx. 799, 2001 WL 322480 (10th Cir. 2001).

Finally, since plaintiff has already raised these allegations in this Court, the Court has no duty to "grind the same corn a second time." *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

## **RECOMMENDATION**

Accordingly, it is recommended that this matter be dismissed *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F. 2d @ 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the



court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal.].

```
                                    _____
                                    Bristow Marchant
                                    United States Magistrate Judge
```

March 9, 2009

Charleston, South Carolina

**<u>The plaintiff's attention is directed to the important notice on the next page.</u>**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>
United States District Court<br>
P.O. Box 835<br>
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

